UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISA M. SWEENEY, | No. 2:21-cv-00126-AC |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381-1383f.[1]

For reasons that follow, the court will DENY plaintiff's motion for summary judgment, and GRANT the Commissioner's cross-motion for summary judgment.

////

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); <u>Bowen v. City of New York</u>, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); <u>Washington State Dept. of Social and Health Services v. Guardianship Estate of Keffeler</u>, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

1

I. PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits and for supplemental security income on September 18, 2015. Administrative Record ("AR") 229-235, 236-244.[2] The disability onset date for both applications was alleged to be June 1, 2012. AR 229, 236. The applications were disapproved initially and on reconsideration. On May 10, 2017, ALJ Curtis Renoe presided over the hearing on plaintiff's challenge to the disapprovals. AR 36-93 (transcript). Plaintiff appeared with her counsel, Philip Armour, and testified at the hearing. AR 38. Vocational Expert Michael Graham and witness Elora Pea also testified. Id.

On September 28, 2017, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A). AR 17-28 (decision), 29-33 (exhibit list). On July 18, 2018, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision). Plaintiff filed a case in federal court. That case was assigned case number 2:18-cv-02495-KJM-AC, filed September 13, 2018 ("Sweeney I"). AR 914. The court in Sweeney I remanded the case for further proceedings upon finding error in the ALJ's conclusory rejection of plaintiff's treating physician Dr. Huan Nguyen's opinion. AR 920. On remand, the plaintiff appeared and testified at an October 1, 2020 telephonic hearing presided over by ALJ Carol Eckersen. AR 845. On October 16, 2020, ALJ Eckersen issued a decision finding the plaintiff not disabled. AR 842-65. The instant appeal followed.

Plaintiff filed this action on January 21, 2021. ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3). The parties consented to the jurisdiction of the magistrate judge. ECF No. 9. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 14 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion).

////

---

[2] The AR is electronically filed in OCR Format at ECF Nos. 11-23 and 11-24 (AR 1 to AR 1784).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1973 and accordingly was 38 years old on the alleged disability onset date, making her a "younger person" under the regulations. AR 856; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same). Plaintiff subsequently changed age category to a younger individual age 45-49. Id. Plaintiff can communicate in English, has obtained her GED, and has training as a paramedical assistant. AR 879.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart,

3

278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI). Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to

step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since June 1, 2002, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, most prominent at the L5-S1 level with bilateral neural foramina narrowing with impingement on the existing nerve root and disc protrusion with annular fissure, and lumbar radiculopathy (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and

416.967(a) except with the following limitations: the claimant can lift and carry ten pounds occasionally and less than 10 pounds frequently. She can stand or walk two hours in an eight-hour workday and sit six hours in an eight-hour workday. Her ability to push and pull would be the same as lift and carry limitations. She can frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds and occasionally stoop. The claimant would need a one-to-two minute stretch break per hour and would require the option to sit or stand at will at the workstation and during which time she would not be off task.

6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in] 1973 and was 38 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from June 1, 2012, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 848-58.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 58.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by failing to adopt the limitation articulated by plaintiff's treating physician, Dr. Huan N. Nguyen, that plaintiff was limited to sitting no more than two hours per day.  ECF No. 14 at 5-6.  The court agrees with the Commissioner that the

6

ALJ properly supported her decision to reject this portion of Dr. Nguyen's opinion, as explained below.

### A.	The Medical Evidence

The ALJ considered the medical opinions of (1) treating physician Huan Nguyen, M.D., (2) consultative internal medicine examiner Jonathan Schwartz, M.D, and (3) State agency medical consultants B. Sheehy, M.D. and A. Dipsia, M.D.  AR 855-56.

#### 1.	Background: Treatment by Dr. Taniegra

In April of 2013, plaintiff complained of low back pain to Dr. Edna D. Taniegra, M.D. AR 388.  Upon physical examination, Dr. Taniegra found as follows: plaintiff's back spine midline without tenderness; mild left sacroiliac joint tenderness; straight leg raise test elicited pain to lateral thigh; and full range of motion with tenderness on dorsiflexion.  AR 389. Dr. Taniegra ordered an MRI of the back and instructed plaintiff to continue with regular exercises; plaintiff refused physical therapy due to lack of time.  AR 389.  An April 11, 2013 MRI of the lumbar spine showed at L5/ SI: bilateral neural foramina narrowing with slight impingement on the exiting right nerve root.  AR 320-21.  Dr. Taniegra explained the assessment to plaintiff and offered a treatment plan of physical therapy and analgesics.  AR 386.

#### 2.	Treatment by and Opinion of Dr. Nguyen

Plaintiff's treating physician, Huan N. Nguyen, MD, began seeing her in April of 2013. ECF No. 382.  Dr. Nguyen authored a written statement on December 4, 2015 opining that the plaintiff was restricted to lifting no more than 10 pounds, based on her MRI results. AR 472, 476. One month later, on January 7, 2016, Dr. Nguyen opined that the plaintiff was limited to walking and standing no more than four hours per day and was limited to sitting no more than two hours per day due to chronic back pain. AR 473, 475.  Similarly, on April 19, 2017 Dr. Nguyen opined that the plaintiff is limited to standing and walking no more than four hours per day, sitting no more than two hours per day, and lifting and carrying no more than 10 pounds occasionally and less than 10 pounds frequently.  AR 477-79.  Finally, on November 28, 2017, Dr. Nguyen opined that the plaintiff is limited to standing and walking no more than two hours per workday, sitting no more than two hours per workday, and lifting and carrying no more than 10 pounds

occasionally and less than 10 pounds frequently. AR 1783. Dr. Nguyen also opined that plaintiff was limited to occasionally stooping, crouching, climbing stairs and balancing, but should never twist, climb ladders, kneel, or crawl. Id. This opinion further noted unspecified restrictions in reaching, handling, fingering, feeling, pushing, and pulling. AR 1784. This opinion also estimated that the plaintiff would be absent from work more than three times per month due to her impairments, conditions, symptoms, and treatment. Id. The ALJ gave partial weight to Dr. Nguyen's opinion, as discussed further below. AR 854-55.

### 3. Consultative Examiner Opinion

Consultative medical examiner Dr. Jonathan Schwartz examined plaintiff on November 16, 2016. AR467. Following a medical exam, Dr. Schwartz assessed a six-hour standing/walking limitation and a six-hour sitting limitation. AR 470. Dr. Schwartz limited plaintiff to lifting and carrying 50 pounds occasionally and 20 pounds frequently. Id. He further limited her to occasional stooping, secondary to decreased range of motion in the lumbar spine. Id. The ALJ gave partial weight to Dr. Schwartz's opinion, with great weight to the assessment that the claimant would be limited to occasional stooping because this is supported by his finding of the claimant's decreased range of motion of the lumbar spine and consistent with MRI findings, and little weight to Dr. Schwartz's assessment to the extent that it would allow plaintiff to perform medium work. AR 855.

### 4. Non-Examining Source Opinions

State agency medical consultants B. Sheehy, M.D. and A Dipsia, M.D. reviewed the claimant's medical records in December 2015 and January 2016, respectively. AR 100-01, 123-25. They both opined the claimant would have limits as follows: plaintiff can occasionally lift and/or carry (including upward pulling) 20 pounds and frequently lift and/or carry (including upward pulling) 10 pounds; she can stand and/or walk (with normal breaks) for a total of about six hours in an eight-hour workday; she can sit (with normal breaks) for a total of about six hours in an eight-hour workday; push and/or pull (including operation of hand/foot controls) is unlimited, other than shown for lift and/or carry; postural limitations are frequent climbing ramps

////

and stairs, occasional climbing ladder, ropes and scaffolds, and occasional stooping; and there are no manipulative, visual, communicative, or environmental limitations. Id.

The ALJ give partial weight to the opinions of Drs. Sheehy and Dipsia, with "little weight to their assessment that the claimant could perform light work because this is inconsistent with MRI findings of the claimant's mild bilateral neuroforaminal stenosis, with Dr. Nguyen's repeated assessment that the claimant would be limited to lifting up to ten pounds, and with the claimant's own statements." AR 855-56. The ALJ gave "great weight to their assessment that the claimant would be limited to occasional stooping and climbing of ladders, ropes, and scaffolds because this is consistent with Dr. Schwartz's findings of the claimant's decreased range of motion of the lumbar spine, MRI findings, and the claimant's reported activities of daily living." AR 856.

B.     Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996). Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and legitimate reasons that are supported by substantial evidence in the record. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298–99 (9th Cir. 1999) ("Even if contradicted by another

9

doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

### C. The ALJ Properly Evaluated Dr. Nguyen's Opinion

The ALJ gave seven reasons for rejecting Dr. Nguyen's opinion that plaintiff could sit for only two hours in an eight-hour workday, would need to lie down for periods during the workday, could never twist, kneel, crawl, or climb ladders, could occasionally crouch and balance, would have limitations in reaching, fingering, and feeling; and would have regular work absences because of her back impairment. AR 854. The ALJ reasoned as follows:

> First, these assessed limitations are conclusory and cite to no objective clinical findings to support the extent and severity of limitations assessed. Moreover, with regard to the assessed manipulative limitations, Dr. Nguyen cites the claimant's back impairment as the claimant's only impairment and fails to provide any explanation as to how the claimant's back impairment causes manipulative limitations. Second, these assessed limitations are not supported by Dr. Nguyen's own clinical findings which generally show full range of motion of the back despite mild pain with motion; no tenderness of the back or joints; and normal sensation, reflexes, motor strength, and tone (See, e.g., Exhibits 2F/7, 13, 19, 29, 32, 57-58, 59-60, 66, 78, and 80; 5F; 16F/144, 287, 303, and 337; and 18F/300). Third, these assessed limitations are not supported by Dr. Nguyen's own routine and conservative treatment of the claimant (Exhibits 2F, 16F, and 18F). Fourth, although Dr. Nguyen's November 2017 opinion is significantly more restrictive than her March 2017 opinion, she does not provide an explanation for these increased limitations and none is offered in the treatment records during this time which reflect overall stable and unchanged findings, routine treatment of chronic symptoms, and infrequent if any visits for treatment acute symptoms (See Exhibits 2F, 16F, and 18F). Fifth, these assessed limitations are not consistent with MRI findings which showed mild bilateral neuroforaminal stenosis and with generally unremarkable clinical findings by consultative internal medicine examiner Jonathan Schwartz, M.D. (Exhibits 1F, 5F, and 15F). Sixth, these assessed limitations are not consistent with the claimant's reported ability to perform her own grooming and hygiene independently, cook simple meals, perform light shopping, drive, and sit in the recliner downstairs for a couple of hours (See, e.g., Exhibits 5F and Hearing Testimony). Therefore, because the opinions are not supported by the evidence, they appear to rely quite heavily on the claimant's subjective report of symptoms and limitations. However, as explained elsewhere in this decision, there exist good reasons to question the consistency of the claimant's subjective complaints with the objective evidence. Moreover, to the extent that Dr. Nguyen opined that the claimant is unable to perform full-time work, the opinion concerns an issue reserved to the Commissioner and is not entitled to controlling weight or given special significance.

1  AR 854-55.

2        Plaintiff disputes each of the ALJ's justifications individually.  Here the court will address those points that it finds provide sufficient support for the ALJ's conclusion; to the extent any other rationale provided is individually insufficient or involves error, such error is harmless and cannot support remand because the ALJ's conclusion is otherwise sufficiently supported.  See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006).

      The ALJ provided sufficient support for her decision to reject portions of Dr. Nguyen's assessed limitations as not supported by "clinical findings which generally show full range of motion of the back despite mild pain with motion; no tenderness of the back or joints; and normal sensation, reflexes, motor strength, and tone (see, e.g., Exhibits 2F/7, 13, 19, 29, 32, 57-58, 59-60, 66, 78, and 80; 5F; 16F/144, 287, 303, and 337; and 18F/300)."  Unlike the ALJ's opinion in Sweeny I—which was held erroneous by the District Court for rejecting Dr. Nguyen's opinion on the conclusory basis that his limitations were "not consistent with the medical evidence as a whole, which documents claimant's condition but shows a history of conservative, routine treatment and many normal exam findings" (AR 931)—ALJ Eckersen supported her rationale with specific evidence from the record.  It is well established that an ALJ meets the burden of providing specific and legitimate reasons for rejecting a treating physician opinion "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002).  Here, the ALJ cited to a series of normal/minimal medical findings related to plaintiff's back pain that contradict the extreme sitting limitation Dr. Nguyen proposed.  AR 330, 336, 355, 380-83, 389, 401, 403, 468-70, 631, 774, 1382.  The ALJ's reliance on this medical evidence was not conclusory or sweeping, but instead was sufficiently specific.

      The ALJ further noted that Dr. Nguyen's opinion was inconsistent with the diagnostic imaging results.  AR 855.  A physician's opinion of the level of impairment may be rejected because it is unreasonable considering other evidence in the record.  Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999).  Here, the MRI scans of plaintiff's lumbar spine revealed mostly "mild" degenerative changes.  AR 320-21, 323, 387, 484-85, 836, 855.

That the medical professionals who interpreted Sweeney's diagnostic imaging results characterized them as revealing only "mild" or "slight" abnormalities is significant because courts have found that such results generally do not substantiate disabling limitations. Indeed, courts have upheld ALJ decisions with similar analyses. For example, in Pruitt v. Comm'r of Soc. Sec., No. 12-35399, 2015 WL 2345075, at *1 (9th Cir. May 18, 2015) (unpublished), the Ninth Circuit found that an ALJ provided a clear and convincing reason to reject claimant's allegations about her ability to sit long enough to work because her account was inconsistent with the medical record, including a 2005 x-ray that showed only mild degenerative changes and no acute abnormalities. Similarly, the Eighth Circuit reasoned that diagnostic test results and diagnoses that were consistently described as "mild" did not connote disabling limitations. Steed v. Astrue, 524 F.3d 872, 875 (8th Cir. 2008). Accordingly, the ALJ reasonably concluded that the diagnostic imaging results contradicted the extreme limitations Dr. Nguyen assessed. AR 855.

Having found that the ALJ supported her rejection of Dr. Nguyen's sitting limitation with at least two specific and legitimate reasons, there is no need to examine the issue further. Plaintiff raises no other points of error. Accordingly, the ALJ's opinion must stand.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is GRANTED; and

3. The Clerk of the Court shall enter judgment for defendant, and close this case.

DATED: September 7, 2022.

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE